CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-4953

December 4, 2019

LETTER TO COUNSEL

    RE:    *Francis O. v. Saul*
              Civil No. 18-cv-03731- JMC

Dear Counsel:

On December 4, 2018, Francis O ("Plaintiff) petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17 and 18), and Plaintiff's response thereto. (ECF No. 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will **DENY** Plaintiff's motion, **DENY** Defendant's Motion, and the decision of the Commissioner shall be VACATED and REMANDED for further consideration, in accordance with sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed his application for DIB and SSI on February 14, 2012, alleging an onset date of January 27, 2012. Plaintiff's claims were initially denied on April 3, 2012, and again on reconsideration. (Tr. 191–205). On September 25, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 206. This hearing was held on March 26, 2014 before ALJ Tom Duann. On May 7, 2014, ALJ Duann rendered his decision and denied Plaintiff's claims. Plaintiff then requested review of ALJ Duann's decision on June 16, 2014. *Id.* at 244–47. On August 25, 2015, the Appeals Council granted Plaintiff's request, and subsequently issued an Order vacating the decision and remanding the case to an ALJ. *Id.* at 184–87. On remand, the ALJ was to: (1) give further consideration to the claimant's maximum residual functional capacity ("RFC"), provide an adequate evaluation of the treating source opinion,

1

explain the weight given to such opinion evidence; and (2) obtain supplemental evidence from a vocational expert in order to correlate the assessed limitations on Plaintiff's occupational base and the ALJ's determination that Plaintiff was capable of performing the requirements of occupations such as electronic inspector (despite that such required occasional to constant reaching in all directions).[1] *Id.*

On November 20, 2017, ALJ Penca presided over the administrative hearing. Following the hearing, ALJ Penca issued an unfavorable decision on December 4, 2017. (Tr. 18). Plaintiff once again requested review, and after the Appeals Council denied this request on October 9, 2018, ALJ Penca's decision became the final and reviewable decision of the SSA. (Tr. 11).

In arriving at his decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If he makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "the claimant can perform other work that 'exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 27, 2012, the alleged date of onset. (Tr. 15). At step two, the ALJ determined that during the relevant time period, Plaintiff suffered from the following severe

---

[1] The explicit language is, "However, the Dictionary of Occupational Titles (DOT) indicates that these occupations at occasional to constant reaching in all directions." (Tr. 185).

2

impairments: "degenerative disc disease of the cervical, thoracic, and lumbar spine. (Tr. 15). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 419.967(b) except who can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds; who can occasionally balance, stop, kneel, crouch and crawl; and who can have exposure to extreme cold, vibration, and hazards.

(Tr. 16).

Finally, at steps four and five, the ALJ determined that Plaintiff was unable to perform any past relevant work, but based on the testimony of the vocational expert, and consideration of Plaintiff's age, education, experience, and RFC, plaintiff is capable of "making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 20. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. *Id.*

Plaintiff makes two primary arguments on appeal: (1) the ALJ failed to properly evaluate his fibromyalgia diagnosis from the Veterans' Administration ("VA") in accordance with the procedures outlined in SSR 12-2p; and (2) the ALJ's RFC determination was unsupported by substantial evidence. (ECF No. 18). These contentions are addressed in turn.

**Disability Rating**

Plaintiff contends that remand is warranted because the ALJ failed to properly evaluate the Plaintiff's forty (40) percent disability rating by the Veterans' Administration ("VA"), which established fibromyalgia as a medically terminable impairment, citing *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337, 343 (4th Cir. 2012). This Court Agrees. In this Circuit:

> In making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

*Bird*, 699 F.3d at 343.

Specifically, at step two, the ALJ determined that Plaintiff's fibromyalgia was not a medically determinable impairment. (Tr. 15). Social Security Ruling ("SSR") 12-2p, which

became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). The ruling provides two sets of criteria to establish fibromyalgia based on criteria developed by the American College of Rheumatology. *Id.* at *2–3. The first set of criteria is distinguished by the presentation of "positive tender points" among eighteen "tender point sites" throughout the body. *Id.* The second set of criteria requires a history of widespread pain, repeated manifestation of six or more fibromyalgia symptoms or co-occurring conditions, and the exclusion of other disorders that could cause the same symptoms such as rheumatologic disorders, myofascial pain syndrome, and chronic Lyme disease. *Id.* at *3. The ruling specifically states that the ALJ "cannot rely upon the physician's diagnosis alone." It also emphasizes consideration of the "longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* at *6. Additionally, courts have noted that fibromyalgia is difficult to corroborate through specific objective findings. *See Kim P. v. Comm'r, Soc. Sec.*, 2019 WL 3413409, at *2 (D. Md. July 29, 2019) (citing cases); *Elburn v. Comm'r, Soc. Sec.*, 2014 WL 7146972, at *3 (D. Md. Dec. 12, 2014) ("[F]ibromyalgia 'poses particular challenges to credibility analyses due to the limited available objective medical evidence.'" (quoting *Gavigan v. Barnhart,* 261 F. Supp. 2d 334, 340 (D. Md. 2003))).

Here, the ALJ included one sentence recognizing that Plaintiff had a 40% disability rating for fibromyalgia. (Tr. 15). Nonetheless, he ALJ proceeded to say only that the "record does not document widespread pain throughout all quadrants of the body with repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions as required in SSR 12-2p. Accordingly, I find fibromyalgia is not a medically determinable impairment." (Tr. 15). Although the ALJ mentioned the specific criteria required under SSR 12-2p, clearly, "the ALJ failed to provide 'persuasive, specific, valid reasons' for giving less weight to the VA's disability rating 'that are supported by the record.'" *Mims v. Berryhill*, 2017 WL 3704615, at *8 (D. Md. Aug. 28, 2017) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)).[2] In accordance with *Bird*, by failing to attribute substantial weight to the VA's disability determination, or

---

[2] *See also Lee v. Colvin*, 2016 WL 7404722, at *7 (E.D. Va. Nov. 29, 2016).

4

providing cogent reasons for declining to do so, the ALJ committed a legal error. *See Mims*, 2017 WL 3704615, at *8. Because this error was not harmless, remand on this ground is proper.[3]

**Consideration of Fibromyalgia in RFC**

Further, Plaintiff argues the ALJ's (alleged) failure to properly evaluate Plaintiff's VA rating infected each step in the sequential evaluation process, rendering the decision unsupported by substantial evidence. (ECF No. 19 at 5). As described below, without a clear understanding of the basis for the ALJ's departure from the VA's finding of fibromyalgia as a severe impairment, the Court is unable to say whether the ALJ supported his findings with substantial evidence.

Here, despite the VA's determination that Plaintiff's fibromyalgia was severe, the ALJ did not deem it a severe impairment, and subsequently did not mention SSR 12-2p anywhere else in his opinion. The ALJ did not discuss the evidence that the VA viewed that he deemed insufficient, nor why his interpretation was different from that of the VA. For example, the ALJ found that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were "inconsistent," as they were not supported by the record. (Tr. 17). Notably, in making this finding the ALJ did not discredit Plaintiff's allegations solely because they lacked objective evidence establishing their presence, but he also noted that Plaintiff (himself) denied any pain. (Tr. 17-18) (noting Plaintiff "had no treatment for his degenerative disc disease since 2015, and the imaging studies in the record [did] not indicate an impairment commensurate with the pain he claims, and that at his most recent exams, the claimant denied any pain," and further that since 2015 Plaintiff has been almost exclusively for hemorrhoids, and there has been no intensification of treatment for his degenerative disc disease).

The task of reviewing the evidence of record and attributing substantial weight to the VA's determination (unless cogent reasons exists for doing otherwise) resides in the first instance with the ALJ. In accordance with this standard, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). This Court declines to speculate as to

---

[3] *Lee*, 2016 WL 7404722, at *9 ("[T]he Court is unable to conclude that the ALJ's conclusions are supported by substantial evidence sufficient to obviate the error discussed above . . . . First, the ALJ failed to consider the VA's highly relevant determination that Lee was totally disabled and unemployable due to his inability to secure and maintain gainful work, as commanded by *Bird*. Second, the task of reviewing the evidence of record and attributing substantial weight to the VA's determination, unless cogent reasons exist for doing otherwise, resides, in the first instance, with the ALJ.").

5

how the ALJ might conduct this task, and whether the ALJ might determine that the VA's disability determination is distinct from the SSA's disability determination. Remand will permit development of the record and consideration of any evidence pertaining to the rationale supporting the VA's disability determination.[4] Consequently, although the Court expresses no opinion about whether Plaintiff is, in fact, disabled under the Social Security Act, the Court must remand for further analysis.

**Conclusion**

For the reasons set forth above:

1. The Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED;
2. The Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED; and
3. This case shall be REMANDED for further analysis in accordance with sentence four.

A separate Order shall follow.

Date: December 4, 2019                    /s/

J. Mark Coulson
United States Magistrate Judge

---

[4] *See, e.g.*, *Lee*, 2016 WL 7404722, at *9.